## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.H., <br> individually and on behalf of all others <br> similarly situated, <br><br>                 Plaintiffs, <br><br> v. <br><br> AETNA Health, Inc., <br> Serve Registered Agent: <br> The Corporation Company, Inc. <br> 112 SW 7th Street, Suite 3C <br> Topeka, KS 66603 <br><br> and <br><br> AETNA Life Insurance Company <br> Serve Registered Agent: <br> The Corporation Company, Inc. <br> 112 SW 7th Street, Suite 3C <br> Topeka, KS 66603 <br><br> and <br><br> AETNA, Inc. <br> Serve Registered Agent: <br> The Corporation Company, Inc. <br> 112 SW 7th Street, Suite 3C <br> Topeka, KS 66603, <br><br>                 Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:17-cv-04566-mbb |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff R.H.[1] on behalf of himself and as a representative of all others similarly situated, submits the following Complaint against Defendant. In support of the Petition, Plaintiff respectfully submits the following:

1. Plaintiff is an adult residing in a very small, rural town in Kansas.

2. Defendant AETNA Health, Inc. ("AETNA Health"), is a corporation incorporated in the State of Pennsylvania and licensed and operating in and under the laws of the State of Kansas with its principal place of business at 151 Farmington Ave., Hartford, CT. Defendant AETNA Health can be served through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

3. Defendant AETNA Life Insurance Company ("AETNA Life"), is a corporation incorporated in the State of Pennsylvania and licensed and operating in and under the laws of the State of Kansas with its principal place of business at 151 Farmington Ave., Hartford, CT. Defendant AETNA Health can be served through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

4. Defendant AETNA, Inc. ("AETNA, Inc."), is a corporation incorporated in the State of Connecticut and licensed and operating in and under the laws of the State of Kansas with its principal place of business at 151 Farmington Ave., Hartford, CT. Defendant AETNA, Inc. can be served through its registered agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

5. Jurisdiction and venue are proper because Defendants are businesses which can be found in the State of Pennsylvania.

---

[1] Due to the highly private nature of the case and allegation of the Petition, Plaintiff requests that his identity be kept confidential. Plaintiff therefore intends to file a motion to proceed under pseudonym.

6. This Court has original jurisdiction over this action under 28 U.S.C. §1332(d) of the Class Action Fairness Act because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of the proposed Class, and at least one member of the proposed Class is a citizen of a different state from the one of the Defendants.

7. Venue is appropriate in this district under 28 U.S.C. §1391 because Defendant AETNA Health resides in this District.

## FACTS COMMON TO ALL CLAIMS

8. Defendants AETNA Health, AETNA Life, and AETNA, Inc. are health care providers pursuant to state and federal law, providing health care and medical insurance services to the general public, operating throughout the United States of America.

9. As health care providers, Defendants generate and store highly sensitive and confidential medical records and information of their customers.

10. Pursuant to State and Federal law, Defendants, and each of them, are required to maintain the confidentiality of customer medical records and information.

11. Plaintiff purchased an AETNA health insurance policy in Kansas where all three Defendants are licensed to conduct business.

12. Plaintiff is a customer of Defendants who entrusted Defendants with highly sensitive medical records and information.

13. Plaintiff lives in a rural area in Kansas.

14. As Plaintiff is living with the HIV virus, he leases a post office box to protect his privacy.

15. Plaintiff's medical information contains sensitive and personal information concerning private health and medical conditions including Plaintiff's HIV status.

16. On or about July 28, 2017 Plaintiff received correspondence from Defendants contained in a large "open window" envelope. The correspondence contained private information about Plaintiff's positive HIV status.

17. Plaintiff's HIV status and other medical information was clearly visible on the face of the envelope.

18. Defendants contracted with third-party agents, vendors, contract workers, or others to distribute correspondence containing highly sensitive health care information.

19. Defendants, and each of them, disclosed Plaintiff's HIV status to anyone who handled the envelope.

20. Once the private information about Plaintiff's medical condition is disclosed, the information explodes beyond the control of Defendants and spreads like wildfire throughout the general public.

21. Plaintiff immediately faces the anxiety, embarrassment, shame, concern, and stigma of knowing that the secret, which has been protected for years, is destroyed and anyone could know.

22. Defendants are required to maintain the strictest privacy and confidentiality of patient medical records.

23. Defendants' duty to maintain Plaintiffs' privacy extends to any agent, vendor, contract worker, company or entity with whom they choose to associate who will be handling or exposed to Plaintiffs' private health information.

24. A positive HIV status can carry significant negative social stigma. Federal and State privacy laws, including without limitation, the Health Insurance Portability and Accountability Act, were promulgated in response to the negative and often life-threatening response people living with HIV faced from the public.

25. Defendants post their privacy practices online, stating: "We value the trust you place in us. We take great care to protect your information." https://www.aetna.com/legal-notices/privacy.html

26. Plaintiff and the Class have suffered loss of the benefit of their bargain with Defendants wherein they have paid for privacy services and have not received the service.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following proposed class:

> Customers of AETNA Health, Inc., AETNA Life Insurance Company, and AETNA, Inc. whose medical information was released as a result of the unauthorized disclosure of their medical records and information sent via regular mail via the "open window" envelope on July 28, 2017.

28. Excluded from the Class are Defendants, any affiliate, parent, employee or subsidiary of Defendants; any officer, director, or employee of Defendants; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

29. This action has been brought and may be properly maintained as a class action under FRCP 23.

30. **Numerosity of the Class – Rule 23(a)(1).** Class members are so numerous that their individual joinder is impracticable. The precise number of Class members and their

5

addresses can be obtained from information and records in Defendants' possession and control. Class members may be notified of the pendency of this action by mail or by published notice or other appropriate methods.

31. **Existence and Predominance of Common Questions of Law and Fact – Rule 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, each of which may also be certified under FRCP 23, include the following:

    a. Whether Defendants', and each of them, conduct violated the Pennsylvania Confidentiality of HIV-Related Information Act and the Pennsylvania Unfair Trade Practices and Consumer Protection Law;

    b. Whether Defendants, and each of them, breached their fiduciary duties to Plaintiff and the Class;

    c. Whether Defendants, and each of them, breached its contract with Plaintiff and the Class;

    d. Whether Defendants, and each of them, invaded Plaintiff's and the Class' privacy;

    e. Whether Defendants, and each of them, acted negligently with respect to Plaintiff and the Class;

    f. Whether Plaintiff and the other Class members are entitled to equitable relief, including declaratory relief, restitution, rescission, a preliminary and/or a permanent injunction;

    g. Whether Plaintiff and the other Class members are entitled to damages, including punitive damages, and/or other monetary relief; and

        h.        Whether this case may be maintained as a class action under FRCP 23.

32.    **<u>Typicality – Rule 23(a)(3)</u>.** Plaintiff's claims are typical of the claims of the Class because he was a customer of Defendant, and his personal information was compromised in the July 2017 breach. Moreover, Plaintiff and the Class sustained similar injuries as a result of Defendants' uniform conduct and their legal claims all arise from the same policies and practices of Defendant.

33.    **<u>Adequacy of Representation – Rule 23(a)(4)</u>.** Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff will prosecute this action vigorously. Plaintiff has no interests adverse or antagonistic to those of the Class.

34.    **<u>Superiority – Rule 23(b).</u>** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are small compared with the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for the Class members, on an individual basis, to obtain effective redress for the wrongs done them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

35. In the alternative, the Class may be certified under Rule 23(b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

## COUNT I
**(On Behalf of the Plaintiff and Class for Invasion of Privacy)**

36. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

37. At all times relevant hereto, Defendants had the duty to keep Plaintiff's medical information private.

38. Defendants breached their duty to Plaintiff by intentionally disclosing his highly sensitive and confidential medical information to the public without obtaining authorization from Plaintiff.

39. Defendants breached their duty to keep Plaintiff's medical information private by publicizing matters of a highly sensitive nature to the public concerning the private life and medical information of Plaintiff.

40. As a direct result of Defendants' breach of their duty of confidentiality and privacy and the disclosure of Plaintiff's confidential medical information, Plaintiff and the Class suffered damages including, without limitation, loss of privacy, humiliation, shame and embarrassment.

## COUNT II
### (On behalf of Plaintiff and the Class for Breach of Contract)

41. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

42. In Defendants' Notice of Privacy Practices, it states "Aetna considers personal information to be confidential. We protect the privacy of that information in accordance with federal and state privacy laws, as well as our own company privacy policies."
http://www.aetna.com/legal-notices/documents/health-notice-of-privacy-practices.pdf

43. Defendants' notice constitutes an agreement between Defendants and their patients.

44. Defendants breached their agreement with Plaintiff and the Class by (1) failing to implement security measures to fulfill their agreement with their patients, and (2) failing to implement security measures such as securing medical records and information.

45. Plaintiff and the Class have been damaged by Defendants' breach of their obligations because their personal and medical information has been compromised and they are

more susceptible to public stigma and scrutiny which would impact their daily lives and the loss of costs paid to Defendants for the maintenance of the confidentiality of medical information.

## COUNT III – OUTRAGEOUS CONDUCT
### (On Behalf of the Plaintiff and Class for violations of the Pennsylvania Confidentiality of HIV-Related Information Act (Act148) 35 P.S. §7601, et seq.)

46. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

47. The HIV-related health information was obtained by Aetna from a person who provides one or more health or social services or pursuant to a release of confidential HIV-related information.

48. Act 148 prohibits any individual, including an insurer, to whom confidential HIV- related information has been disclosed, to disclose that information to another person without written consent or other statutorily enumerated authorization. 35 Pa. Stat. § 7607(b).

49. Defendants violated Act 148 by disclosing Plaintiff's and Class Members' HIV- related information to the mailing vendor without authorization to do so.

50. Defendants also violated Act 148 by the subsequent unlawful disclosure of Plaintiff and Class Members' HIV-Related Information to their third party vendor by sending such information in large-window envelopes where the information was exposed and readily viewable by others.

51. Act 148 provides that, "any person aggrieved by a violation of this act shall have a cause of action against the person who committed such violation and may recover compensatory damages." 35 Pa. Stat. § 7610.

52. As a direct and proximate result of Defendants' unlawful acts, Plaintiff and Class Members suffered harm.

53. Plaintiff and Class Members seek relief, including, but not limited to, injunctive relief and compensatory damages.

54. Defendant's conduct was extreme and outrageous and caused Plaintiff and the other Class Members extreme and severe mental distress.

55. As a direct result of Defendants' actions Plaintiff and the other Class Members suffered damages, including, without limitation, loss of privacy, embarrassment, humiliation, shame and loss of enjoyment of life.

## COUNT IV
### (On behalf of Plaintiff and the Class for
### Negligent Training, Hiring and Supervision)

56. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

57. At all times relevant hereto, Defendants owed a duty to Plaintiff and the Class to hire competent employees, vendors, agents, or other third-party representatives as well as train and supervise them regarding their duties owed to their patients.

58. Defendants breached their duty to Plaintiff and the Class by allowing their employees, vendors, agents, or other third-party representatives to send correspondence to customers in envelopes which did not adequately protect and prevent disclosure of private health information to the public.

59. As a direct result of Defendants' breach of their duty of confidentiality and privacy and the disclosure of Plaintiff's and the Class confidential medical information, Plaintiff and the Class suffered damages, including, without limitation, loss of privacy, confidentiality, embarrassment, humiliation, and loss of enjoyment of life.

### COUNT V – BREACH OF FIDUCIARY DUTY
**(On Behalf of the Plaintiff and Class for Breach of Fiduciary Duty)**

60.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

61.     In Defendants' Notice of Privacy Practices, it states "We value the trust you place in us.  We take great care to protect your information."  https://www.aetna.com/legal-notices/privacy.html

62.     Defendants' notice constitutes an acceptance of their fiduciary duty of confidentiality to their patients.

63.     Defendants breached their duty to Plaintiff and the Class by disclosing their customers' HIV status to the public.

64.     Plaintiff and the Class have suffered damages, including, without limitation, loss of privacy, loss of medical expenses, confidentiality, embarrassment, humiliation, and loss of enjoyment of life.

### COUNT VI
**(On behalf of Plaintiff and the Class for Negligence)**

65.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

66.     Defendants owed Plaintiff and the Class a duty to exercise reasonable care in safeguarding and protecting the medical information of their patients. This duty included securing medical records and information and implementing policies regarding properly securing and mailing medical records and information of Plaintiff and the Class.

67.     Defendants breached their duty to exercise reasonable care in protecting the personal information of Plaintiff and the Class by (1) failing to implement security measures to

protect the information of Plaintiff and the Class; (2) failing to implement policies regarding sending medical records and information through the mail; and (3) failing to implement security measures such as properly securing medical records.

68. As a result of Defendants' negligence, Plaintiff and the Class suffered damages including without limitation the loss of costs paid to Defendants for the maintenance of confidentiality.

## COUNT VII
### (On Behalf of the Plaintiff and Class for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. Stat. Ann. §§ 201-1, *et seq*.)

69. Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein. Plaintiff asserts this cause of action on behalf of the Class against Defendants.

70. Plaintiff and the Class purchased insurance and health benefits services from Defendants in trade and commerce for personal, family, and/or household purposes.

71. Defendants, and each of them, engaged in unlawful, unfair, and deceptive acts and practices, with respect to the sale and advertisement of the services purchased by Plaintiff and the Class, including by representing that Defendants would adequately protect Plaintiff's and the Class' highly confidential medical information from unauthorized disclosure and release, and comply with relevant state and federal privacy laws. These injuries outweigh any benefits to consumers or to competition.

72. Defendants knew or should have known that sending private health information in large-window envelopes and in the fashion in which they were sent was inadequate to safeguard Plaintiff's and the Class' medical information. Defendants' actions were negligent,

knowing and willful, and/or wanton and reckless with respect to the rights of Plaintiff and the Class.

73. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and the Class suffered an ascertainable loss of money or property, real or personal, as described above, including the loss of their legally protected interest in the confidentiality and privacy of their personal information.

74. Plaintiff and the Class seek relief under 73 Pa. Stat. § 201- 9.2, including, but not limited to, injunctive relief, actual damages or $100 per Class Member, whichever is greater, treble damages, and attorneys' fees and costs.

75. Defendants' conduct was extreme and outrageous and caused Plaintiff and the other Class Members extreme and severe mental distress.

76. As a direct result of Defendants' actions Plaintiff and the other Class Members suffered damages, including, without limitation, loss of privacy, embarrassment, humiliation, shame and loss of enjoyment of life.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated persons, requests judgment and relief as follows:

1. For an order certifying the proposed Class, and appointing Plaintiff by and through his counsel of record to represent the proposed Class;

2. For an order declaring that AETNA Health, AETNA Life, and AETNA, Inc., and each of them, have violated their fiduciary duties to Plaintiff and the Class.

3. For an Order declaring that AETNA Health, AETNA Life, and AETNA, Inc., and each of them, have breached their contract of confidentiality with Plaintiff and the Class.

4. For an Order that AETNA Health, AETNA Life, and AETNA, Inc., and each of their actions were outrageous so as to cause Plaintiff and the Class damages.

5. For an Order declaring that AETNA Health, AETNA Life, and AETNA, Inc., and each of them, have acted negligently so as to cause Plaintiff and the Class damages.

6. For an order awarding Plaintiff and Class members damages in an amount to be proven at trial, including punitive damages, together with pre-trial and post-trial interest thereon;

7. For an order awarding Plaintiff and Class members restitution, disgorgement, or other equitable relief as the Court deems proper, including corrective notice;

8. For an order enjoining AETNA Health, AETNA Life, and AETNA, Inc., and each of them, from continuing to engage in the unlawful business practices alleged herein;

9. For an order awarding Plaintiff and the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

10. For an order awarding such other and further relief as this Court deems just and proper.

DATED: October 24, 2017

Respectfully submitted,

*/s/ Patricia M. Kipnis*
Patricia M. Kipnis (PA Bar #91470)
**Bailey & Glasser LLP**
923 Haddonfield Road
Suite 300
Cherry Hill, New Jersey 08002
Telephone: (856) 324-8219

**MCSHANE & BRADY LLC**

/s/ Maureen M. Brady
Maureen M. Brady, KS Bar No. 22460 (motion for pro hac vice forthcoming)
Lucy McShane, KS Bar No.
1656 Washington, Suite 140
Kansas City, Missouri 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

-and-

*/s/* Anne Schiavone
Anne Schiavone KS Bar No. 19669 (motion for pro hac vice forthcoming)
4600 Madison, Ste 810
Kansas City, MO 64112
Telephone: (816) 283 8739
aschiavone@hslawlllc.com

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.1.2(8)(b), I hereby certify the foregoing document was filed electronically and is available for viewing from the ECF system. I further certify that the foregoing document was served upon Defendants registered agent via U.S. Mail, first class, postage prepaid, addressed as follows:

AETNA Life Insurance Company
C/O The Corporation Company, Inc.
112 S.W. 7th Street, Suite 3C
Topeka, Kansas 66603

AETNA Health, Inc.
C/O The Corporation Company, Inc.
112 S.W. 7th Street, Suite 3C
Topeka, Kansas 66603

AETNA, Inc.
C/O The Corporation Company, Inc.
112 S.W. 7th Street, Suite 3C
Topeka, Kansas 66603


Dated: October 24, 2017                    /s/Patricia M. Kipnis

                                                                                    ATTORNEY FOR PLAINTIFF